## CRENSHAW AND HALL v. WICKERSHAM.

1. JUDGMENT IN EQUITY. A court of equity will not disturb a judgment on a promissory note executed by a firm and another party, on the ground that the judgment is against one member of the firm and their co-defendant, instead of being against the firm, when it appears that it was entered by agreement, and it is not shown that the party complaining has been prejudiced thereby.

*Appeal from Iowa District Court.*

THURSDAY, OCTOBER 8.

*J. D. Templin* for the appellant.

*H. M. Martin* for the appellees.

WRIGHT, J. — Wickersham and Williams sued Crenshaw & Co. and Hall upon a promissory note. They appeared to the action, and, after issue joined, by agreement of parties, a judgment was rendered against Crenshaw and Hall. Upon this judgment an execution issued, and thereunder the land of Hall was sold. The said Crenshaw and Hall, after this sale, asked for and obtained an injunction, upon the ground that the judgment should have been against Crenshaw & Co. and Hall; that the clerk made a mistake in entering said judgment; and also asking to reform and correct the same. A demurrer to the bill, by the Sheriff, who was made party respondent, and a motion to dissolve, were sustained, and complainants appeal.

A motion made by Wickersham and Williams, to correct the supposed omission in the judgment against Crenshaw and Hall, long after filing this bill, in no manner referred to nor made part of the proceedings, and found in this record apparently out of place, could in no event aid complainants, and, under the circumstances, we give it no attention.

The exhibits attached to the bill show most conclusively, that the judgment against Crenshaw and Hall was rendered by consent or agreement. There is no suggestion in the petition that Crenshaw & Co. have any property; that complainants would have derived any advantage from having the judgment in this form rather than as it was by their own agreement; it does not appear that they have sustained, or are likely to sustain, any prejudice thereby; that the supposed variance between the judgment and the petition has deprived them of any right; nor does it appear that there was a mistake in their agreement, nor that the judgment violates said agreement. Under such circumstances, we cannot see what standing complainants could legitimately claim in a court of equity. Remedies are given to redress wrongs or secure a right. A mere technical wrong, without any claimed or apparent injury, certainly cannot entitle a party to a remedy.

Affirmed.